PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| ANDY TOTH, | ) | |
| --- | --- | --- |
| | ) | CASE NO. 5:16CV2101 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| GSF MORTGAGE CORPORATION, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 15] |

Pending is Defendants GSF Mortgage Corporation ("GSF") and Chad Jampedro's Motion to Compel Arbitration (ECF No. 15). Defendants contend that Plaintiff Andy Toth cannot maintain this lawsuit in federal court because his claims are squarely covered by the "Resolution of Disputes" provision in the "Employment Agreement Producing Branch Manager" (ECF No. 15-1) he entered into with GSF, which establishes mandatory procedures for resolving such disputes through arbitration administered by the American Arbitration Association ("AAA"). ECF No. 15-1 at PageID #: 100, ¶ 24.

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. The Court has also considered the arguments of counsel offered during the telephonic oral argument held on June 1, 2017. For the reasons set forth below, the motion is denied.

A party aggrieved by the refusal of another party to arbitrate under an agreement for arbitration may petition the court for an order directing that such arbitration proceed according to the terms of the agreement. 9 U.S.C. § 4. The Court's task is to "determine whether the parties

(5:16CV2101)

agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Whether the parties' contract evinces an agreement to arbitrate is governed by principles of state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When "the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).

The parties agree that the Sixth Circuit applies a four-part test to determine whether a court should grant a motion to stay litigation and compel arbitration:

> *first*, it must determine whether the parties agreed to arbitrate; *second*, it must determine the scope of that agreement; *third*, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and *fourth*, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714. The parties also agree that the first two elements are at issue in the within motion.

In examining a motion to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Jones v. U-HAUL Co. of Mass. and Ohio, Inc.*, 16 F. Supp.3d 922, 930 (S.D. Ohio 2014) (quoting *Raasch v. NCR Corp.*, 254 F. Supp.2d 847, 851 (S.D. Ohio 2003)).

Because arbitration agreements are contracts, their enforceability is reviewed according to the applicable state law of contract formation. *Seawright v. American General Financial Services, Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citing *First Options of Chicago, Inc.*, 514 U.S. at 943-44). Defendants have argued that "[t]he document attached as Exhibit 1 to Defendant[s]'

2

(5:16CV2101)

Motion to Compel Arbitration [ECF No. 15-1] is a true and correct copy of the Employment Agreement Mr. Toth entered into with GSF on or about April 18, 2016." Declaration of Chad Jampedro (ECF No. 27-1) at PageID #: 203, ¶ 3. Plaintiff, however, argues to the contrary that "[w]hile employed by GSF, I never signed or executed the Employment Agreement which is attached to Defendants' Motion to Compel Arbitration as Exhibit 1 ("Employment Agreement") [ECF No. 15-1]." Affidavit of Andy Toth (ECF No. 21-1) at PageID #: 170, ¶ 5. Therefore, there is at the very least a genuine dispute of material fact as to the existence of a contract, and thus the arbitration provision. *Ackison Surveying, LLC v. Focus Fiber Solutions, LLC*, No. 2:15-cv-02044, 2016 WL 4208145, at *2 (S.D. Ohio Aug. 10, 2016).

Given this genuine dispute of material fact, the Court does not reach Plaintiff's arguments that (1) the "Resolution of Disputes" provision (ECF No. 15-1 at PageID #: 100, ¶ 24) is invalid and unenforceable and (2) several of his claims fall outside of the "Employment Agreement Producing Branch Manager" (ECF No. 15-1).

Accordingly, Defendants GSF Mortgage Corporation ("GSF") and Chad Jampedro's Motion to Compel Arbitration (ECF No. 15) is denied. The Court has also separately entered a Case Management Plan pursuant to LR 16.3(b)(4).


    IT IS SO ORDERED.


| June 8, 2017 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |